IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00028-MSK-BNB

HEI RESOURCES EAST OMG JOINT VENTURE,

Plaintiff,

v.

S. LAVON EVANS, JR. OPERATING CO., INC.
S. LAVON EVANS, JR.,
E&D SERVICES, INC., and
WAUSAU DEVELOPMENT CORP.,

Defendants, and Third-Party Plaintiffs,

v.

HEI RESOURCES, INC.,
REED CAGLE,
HEARTLAND ENERGY LAND OPERATING, L.P., and
HEARTLAND ENERGY OF COLORADO, LLC,

Third-Party Defendants.

_____

## ORDER
_____

This matter arises on **Third-Party Defendants' Emergency Motion for Protective Order, Motion for Expenses, and Objections to the Notice of Intention Request for the Production of Documents** [Doc. # 1, filed 1/7/2009] (the "Motion for Protective Order"). I held a hearing on the Motion for Protective Order this morning and made rulings on the record, which are incorporated here.

This is a discovery dispute arising out of an action pending in the District Court for the Southern District of Texas, Laredo Division (the "Laredo Action"). Defendants in the Laredo

Action served a subpoena, issued under the authority of this court, on American National Bank (the "Bank"), a non-party located in Colorado Springs, Colorado. The Bank seeks no relief here. Instead, the Third-Party Defendants seek a protective order that the discovery called for by the subpoena not be had in order to allow the court in Laredo to decide a related motion pending there.

I normally would expect a discovery dispute as between parties to be decided by the forum court. Rule 26(c)(1), Fed. R. Civ. P., however, establishes alternative forums:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.

Consequently, the matter is properly before me, and the Laredo court did not decide the related motion on January 12, 2009, at a status conference.

I find that the information called for by the subpoena served on the Bank appears to be relevant to or reasonably calculated to lead to the discovery of admissible evidence concerning the claims and defenses pending in the Laredo Action. Other than relevance and to suggest that I should defer to the Laredo court, the third-party defendants offer no basis for the requested protective order. The third-party defendants' assertion that the materials responsive to the subpoena may contain confidential information is resolved by ordering that all documents produced in response to the subpoena be deemed to be designated as "For Counsel Only" under the blanket Protective Order entered in the Laredo Action, subject to a subsequent challenge as allowed under the Protective Order.

IT IS ORDERED that the Motion for Protective Order is DENIED.

IT IS FURTHER ORDERED that the Bank shall respond to the commands of the

subpoena at a date and time as the parties and the Bank may agree, but not later than March 31, 2009.

IT IS FURTHER ORDERED that all materials produced by the Bank in response to the subpoena shall be deemed as designated "For Counsel Only" under the Protective Order entered in the Laredo Action.

Dated January 28, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge