IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00028-MSK-BNB

HEI RESOURCES EAST OMG JOINT VENTURE,

Plaintiff,

v.

S. LAVON EVANS, JR. OPERATING CO., INC.
S. LAVON EVANS, JR.,
E&D SERVICES, INC., and
WAUSAU DEVELOPMENT CORP.,

Defendants, and Third-Party Plaintiffs,

v.

HEI RESOURCES, INC.,
REED CAGLE,
HEARTLAND ENERGY LAND OPERATING, L.P., and
HEARTLAND ENERGY OF COLORADO, LLC,

Third-Party Defendants.

_____

## ORDER
_____

This matter arises on HEI's **Motion for Stay of Magistrate Judge's Ruling [Docket #6] Pursuant to D.C.COLO.LCivR30.2(B)** [Doc. # 8, filed 2/2/2009] (the "Motion to Stay"). The Motion to Stay is DENIED.

The Motion to Stay stems from my Order [Doc. # 6, filed 1/28/2008] denying the Third-Party Defendants' Emergency Motion for Protective Order, Motion for Expenses, and Objections to the Notice of Intention Request for the Production of Documents [Doc. # 1, filed 1/7/2009] (the "Motion for Protective Order"). The Motion for Protective Order concerned discovery

sought in connection with an out of district action pending in the District Court for the Southern District of Texas, Laredo Division (the "Laredo Action"). Defendants in the Laredo Action served a subpoena, issued under the authority of this court, on American National Bank (the "Bank"), a non-party located in Colorado Springs, Colorado. The Third-Party Defendants sought a protective order that the discovery called for by the subpoena not be had in order to allow the court in Laredo to decide a related motion pending there. I found that the matter was properly before me pursuant to Fed. R. Civ. P. 26(c)(1); that the information called for by the subpoena served on the Bank is relevant to or reasonably calculated to lead to the discovery of admissible evidence concerning the claims and defenses pending in the Laredo Action; and that the Laredo court had failed to decide at a status conference on January 12, 2009, a related motion pending before it. In view of these facts, I denied the Motion for Protective Order.

> The totality of HEI's argument in support of the Motion to Stay is:
>
> > HEI respectfully seeks review of this determination by the District Court Judge and will file a Rule 72(a) motion forthwith requesting the same.
> >
> > Accordingly, HEI respectfully requests that the Court stay the discovery at issue until such time that the District Court Judge has had the opportunity to review this matter.

Motion to Stay [Doc. # 8] at ¶¶3-4.

A stay of a magistrate judge's discovery order should be granted sparingly. This is consistent with the local rules of practice of this court, which provide:

> The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be

supported by good cause.

D.C.COLO.LCivR 30.2 B. The mere filing of an objection, which is the sole basis advanced by HEI in support of its request for a stay, does not constitute good cause under the local rule.

Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt. See Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). As the court noted in National Excess Ins. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D.N.M. 1991):

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay. See Adams v. Gateway, Inc., 2004 WL 733990 *2 (D. Utah Jan. 5, 2004)(stating that there is no existing authority concerning the standard for a stay pending resolution of an objection to a magistrate judge's order by adopting a four part test involving "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest"). Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like. There are no such concerns here. The sole arguments advanced in connection with the underlying Motion for Protective Order were relevance and the suggestion that this court should defer to the concurrent jurisdiction of the

Laredo court.  See Order [Doc. # 6] at p.2.

I find that it is unlikely that HEI will succeed on it objections, if any are filed; there is no threat of irreparable harm to HEI if the discovery at issue is made, even if it eventually is ruled to be irrelevant to this phase of the Laredo Action; and there is no risk of any harm to the public. Thus, three of the four factors tip against the issuance of a stay.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated February 3, 2009.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge