IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00028-MSK-BNB

HEI RESOURCES EAST OMG JOINT VENTURE,

        Plaintiff,

v.

S. LAVON EVANS, JR. OPERATING CO., INC.;
S. LAVON EVANS, JR.;
E & D SERVICES, INC.; and
WAUSAU DEVELOPMENT CORP.,

        Defendants and Third-Party Plaintiffs,

v.

HEI RESOURCES, INC.;
REED CAGLE;
HEARTLAND ENERGY LAND OPERATING, L.P.; and
HEARTLAND ENERGY OF COLORADO, LLC,

        Third-Party Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS**
_____

**THIS MATTER** comes before the Court pursuant to the Third-Party Defendants' (hereafter "HEI") Motion to Stay **(# 11)** the January 28, 2009 Order **(# 6)** of United States Magistrate Judge Boyd N. Boland that denied HEI's Motion For Protective Order **(# 1)**, the Third-Party Plaintiffs' (hereafter "Evans") response **(# 17)**, and HEI's reply **(# 23)**; and HEI's Objections **(# 13)** to the Magistrate Judge's January 28, 2009 Order, Evans' response **(# 20)**, and

HEI's reply **(# 27)**.[1]

As best the Court can determine from HEI's **(# 1)** "Motion for Protective Order, Motion for Expenses, and Objections to the Notice of Intention Request [Sic] for the Production of Documents," the parties here are currently litigating substantive claims in the U.S. District Court for the Southern District of Texas. Evans made certain discovery requests in the Texas action that HEI has opposed, and the Texas court has yet to resolve that discovery issue. In or about January 2009, Evans served a subpoena in Colorado on a non-party, American National Bank ("ANB"), seeking the same information at issue in the opposed discovery request under consideration in Texas. Via this action, HEI moves to quash the subpoena issued to ANB, arguing that production from ANB should not be permitted to circumvent the Texas court's ability to decide the discovery motion, among other things.

The Court referred HEI's motion to the Magistrate Judge and on January 28, 2009, the Magistrate Judge denied **(# 6)** it, finding that: (i) Fed. R. Civ. P. 26(c)(1) allows a party to seek a protective order against a discovery request from a court in the District in which the discovery is sought; (ii) the Texas court did not proceed to decide the pending discovery motion at a January 12, 2009 hearing as the parties may have been expecting; (iii) the information sought by Evans appears to be relevant to the claims in the Texas action and HEI raised no substantive objections to the subpoena except on relevance grounds; and (iv) any concerns regarding the confidentiality

---

[1]The Court notes that Plaintiff HEI Resources East OMG Joint Venture has "joined" **(# 28)** in HEI's filings. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules contemplate a party's "joinder" in the filings of another party. For purposes of this ruling, the Court treats the Plaintiff's "joinder" as either independent motions by the Plaintiff seeking the same relief and for the same reasons as HEI, or as briefs urging the granting of HEI's motions for the same reasons as set forth therein. The outcome of the issues presented herein is not affected regardless of the manner in which the "joinder" is construed.

of the information could be resolved by applying the "attorney's eyes only" restriction under the Protective Order currently in effect in the Texas action.

HEI filed timely Objections **(# 13)** to the Magistrate Judge's Order pursuant to Fed. R. Civ. P. 72(a). Specifically, HEI argues: (i) the subpoena served on HEI "expired by its own terms" prior to the Magistrate Judge's Order, and thus "there was no binding command on the Bank to produce the documents"; (ii) the purpose of the subpoena was to circumvent the ability of the Texas court to rule on the pending discovery dispute; (iii) principles of abstention and comity require that the Magistrate Judge defer to the Texas court's ability to decide the discovery issue; (iv) the Magistrate Judge failed to review the entire transcript of the January 12, 2009 hearing in the Texas court, and thus, misapprehended the fact that the Texas court intended to issue a ruling on the pending discovery motion; and (v) the invocation of the Protective Order's terms is insufficient to protect HEI against improper disclosure of its confidential information to Evans, its competitor.

Contemporaneously with the Objections, HEI filed a Motion to Stay **(# 13)** the effect of the Magistrate Judge's Order.[2] HEI's statement of grounds warranting a stay consists of a single sentence:

> Good cause exists to enter a stay of discovery because the "attorney's eyes only" designation is insufficient to protect Plaintiff, which is a direct competitor of Defendants, from the risk that highly sensitive and confidential financial information contained in the records will somehow find its way into public filings and other documents to which Defendants would have

---

[2]HEI had previously sought **(# 8)** a stay from the Magistrate Judge, on the grounds that it intended to file Rule 72(a) Objections to the Order. The Magistrate Judge denied the request (# **10)** pursuant to D.C. Colo. L. Civ. R. 30.2(B), which provides that the filing of Objections does not, of itself, operate to stay a Magistrate Judge's ruling.

3

access.

After the parties completed briefing of these matters, Evans filed a Notice **(# 29)**, advising that ANB had produced the documents requested in the subpoena with the "eyes only" designation under the Protective Order.

Turning first to the Motion to Stay, that motion requests a stay of the Magistrate Judge's ruling pending this Court's determination of HEI's Rule 72(a) Objections. Because the Court resolves those Objections in this Order, the Motion to Stay is rendered moot. In any event, the Court finds that HEI's conclusory and speculative assertion that the "attorney's eyes only" provision of the Protective Order is inadequate to ensure the confidentiality of the information fails to establish good cause for a stay.

The Court then turns to HEI's Rule 72(a) Objections. Rulings on non-dispositive issues by a Magistrate Judge are reviewed by this Court pursuant to Fed. R. Civ. P. 72(a), and will be reversed only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Accordingly, the Objections will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza,* 167 F.R.D. at 133, *citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

The Court notes first that it appears that HEI's Objections are moot, as ANB has turned over the documents responsive to the subpoena. This Court's involvement in the case entails only the determination of whether the subpoena should be enforced, and ANB's compliance with

the subpoena, even over HEI's opposition, would appear to moot any further issues before the Court.

Even assuming the matter is not moot, the Court would nevertheless overrule HEI's Objections. The Court rejects HEI's first and last arguments – that the subpoena had "expired" before the Magistrate Judge ruled upon it and that the "eyes only" designation was inadequate to protect the confidentiality of the documents – out of hand. The former argument is made without any citation to supporting authority and is patently without merit; the latter argument, like the Motion to Stay, relies entirely on outright speculation that the "eyes only" designation will somehow be circumvented in unspecified ways.

The remaining grounds for HEI's Objections all turn on the assumption that the Texas court is a more appropriate venue in which to resolve the discovery dispute. In this respect, although the Magistrate Judge's Order does not explicitly state, the Court understands that Order to be made pursuant to Fed. R. Civ. P. 45.[3] Under Rule 45(c)(3), the Court issuing the subpoena – that is, this Court – may quash it upon a showing that: (i) it fails to allow a reasonable time for the subpoenaed person to comply; (ii) it requires the subpoenaed person to travel more than 100 miles; (iii) it requires disclosure of privileged or other protected matter; or (iv) it subjects the

---

[3]The Magistrate Judge references Fed. R. Civ. P. 26(c)(1), which permits a remote court to issue a protective order with regard to <u>depositions</u> taking place within its jurisdiction. Although the record appears to reflect that Evans first attempted to obtain the records from ANB via a deposition on written questions, *see Docket* # 1, Ex. A, HEI opposed the proposed deposition and the availability of that discovery device was the subject of pending motions in the Texas court, so Evans then sought to obtain the documents from ANB through an entirely different mechanism – a subpoena issued under Fed. R. Civ. P. 45. *Docket* # 1, Ex. L. This Court understands the Magistrate Judge's reference to Rule 26(c) to reflect the general notion that the analysis to be employed on a motion to quash under Rule 45(c) "tracks the provisions of Rule 26(c)." *See* 1991 Advisory Committee notes to Rule 45(c)(3).

subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).[4] Other than arguing that the subpoena potentially exposed HEI's confidential information, HEI's motion to quash failed to establish any of these grounds. To the extent the Magistrate Judge found HEI's complaints about confidentiality to be meritorious, Fed. R. Civ. P. 45(c)(3)(C) allows the Court to, instead of quashing a subpoena, impose conditions on the production to protect the affected party.[5] The Magistrate Judge's Order requiring ANB's production to comply with the terms of the Protective Order thus falls within the Court's power under Rule 45(c).

Deeming the Magistrate Judge to have acted under Rule 45 effectively disposes of HEI's argument that this Court usurped the authority of the Texas court to supervise discovery in its own case. The Magistrate Judge's ruling here adjudicates only whether the subpoena issued by this Court runs afoul of Rule 45(c); it does not purport to decide the discovery dispute pending in Texas (*i.e.* whether a deposition of ANB can be taken), or otherwise affect the parties' rights to discovery in the Texas action. *See generally Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 201 F.R.D. 431, 433-34 & n. 5 (M.D. N.C. 2001) (acknowledging that remote court had authority to rule on motion to quash subpoena issued there but noting that court hearing substantive action retained the power to control discovery generally). Admittedly, Evans used an alternative procedural tool to obtain some (but not all – it cannot use a subpoena

---

[4]Subsection (A) describes situations in which the Court <u>must</u> quash a subpoena. Subsection (B) of the same rule <u>permits</u> the Court to quash a subpoena upon the request of a person "affected by a subpoena" where the subpoena requests that persons confidential information, among other things. Whether this issue is analyzed under subsection (A) or (B) does not materially affect the analysis.

[5]This rule requires the Court to make certain findings before requiring a conditional production. HEI does not argue that such findings cannot be inferred from the Magistrate Judge's ruling.

to compel responses to written deposition questions) of the information it desired but could not immediately obtain through normal discovery. And admittedly, its use of that tool may effectively moot the original discovery dispute that remains pending in Texas. But that is inevitable result of the Federal Rules of Civil Procedure purposefully creating multiple means by which parties can seek information from non-parties. *See* 1991 Advisory Committee notes to Rule 45 ("The purposes of this revision are . . to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties"). Rule 45 requires this Court to rule on motions to quash subpoenas issued in this District, and, construing the Magistrate Judge's ruling as a ruling under Rule 45, this Court cannot find that his decision not to quash the subpoena was clearly erroneous or contrary to law.

For the foregoing reasons, HEI's Motion to Stay **(# 11)** is **DENIED AS MOOT**. HEI's Objections **(# 13)** are **OVERRULED**, and the Magistrate Judge's January 28, 2009 Order **(# 6)** is **AFFIRMED**. HEI's Emergency Motion for Protective Order **(# 1)** is **DENIED**. There being no further matters to adjudicate, the Clerk of the Court shall close this case.

Dated this 20th day of August, 2009

                                             **BY THE COURT:**

                                             *[signature: Marcia S. Krieger]*
                                             _____

                                             Marcia S. Krieger
                                             United States District Judge